**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SWIRLATE IP LLC,** | : | |
| **Plaintiff,** | : | **Civil Action No. 2:22-cv-02044-PD** |
| **v.** | : | |
| **DRAEGER, INC.,** | : | |
| **Defendant.** | : | |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, Draeger, Inc. ("Draeger" or "Defendant"), by and through its undersigned counsel, for its answer and defenses to the Complaint filed by plaintiff, Swirlate IP LLC ("Plaintiff"), alleges as follows:

## I. THE PARTIES

1. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2. Draeger admits the allegations of paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Draeger admits the allegations of paragraph 3 of the Complaint.

4. Draeger denies the allegations of infringement in paragraph 4 of the Complaint, but otherwise admits the allegations relating to jurisdiction.

5. Draeger denies the allegations of infringement in paragraph 5 of the Complaint, but otherwise admits the allegations relating to jurisdiction.

6. Draeger denies the allegations of infringement in paragraph 6 of the Complaint, but otherwise admits the allegations to venue.

7. Subject to the denials contained in paragraphs 4, 5, and 6, Draeger admits the allegations of jurisdiction and venue in paragraph 7 of the Complaint.

## III. COUNT I
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,154,961)

8. Draeger incorporates by reference its responses to the prior paragraphs.

9. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore denies them.

10. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore denies them.

11. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore denies them.

12. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies them.

13. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore denies them.

14. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and therefore denies them.

15. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore denies them.

16. Draeger denies the allegations of paragraph 16 of the Complaint.

17. Draeger denies the allegations of paragraph 17 of the Complaint.

18. Draeger denies the allegations of paragraph 18 of the Complaint.

19. Draeger denies the allegations of paragraph 19 of the Complaint.

20. Draeger denies the allegations of paragraph 20 of the Complaint.

21. Draeger denies the allegations of paragraph 21 of the Complaint.

22. Draeger denies the allegations of paragraph 22 of the Complaint.

23. Draeger denies the allegations of paragraph 23 of the Complaint.

24. Draeger denies the allegations of paragraph 24 of the Complaint.

## IV. COUNT II
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,567,622)

25. Draeger incorporates by reference its responses to the prior paragraphs.

26. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and therefore denies them.

27. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore denies them.

28. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies them.

29. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore denies them.

30. Draeger is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and therefore denies them.

31. Draeger denies the allegations of paragraph 31 of the Complaint.

32. Draeger denies the allegations of paragraph 32 of the Complaint.

33. Draeger denies the allegations of paragraph 33 of the Complaint.

34. Draeger denies the allegations of paragraph 34 of the Complaint.

35. Draeger denies the allegations of paragraph 35 of the Complaint.

36. Draeger denies the allegations of paragraph 36 of the Complaint.

37. Draeger denies the allegations of paragraph 37 of the Complaint.

38. Draeger denies the allegations of paragraph 38 of the Complaint.

39. Draeger denies the allegations of paragraph 39 of the Complaint.

40. Draeger denies the allegations of paragraph 40 of the Complaint.

41. Draeger denies the allegations of paragraph 41 of the Complaint.

42. Draeger denies the allegations of paragraph 42 of the Complaint.

## IV. JURY DEMAND

Draeger requests a trial by jury of all issues so triable by right, including all issues raised by Draeger's answer, defenses, and or counterclaims

## V. DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Draeger's accused products do not infringe the asserted patents.

3. If the asserted patents are construed in the manner suggested by Plaintiff, such that there may be infringement, the asserted patents are invalid pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. Upon information and belief, Plaintiff failed to conduct an adequate pre-filing investigation into Draeger's accused products, which do not infringe the asserted patents, rendering this case "exceptional" for purposes of awarding Draeger its attorneys' fees.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Draeger prays for judgment against Plaintiff as follows:

A. That the Court Order and Declare that Draeger has not infringed any valid claim of either asserted patent;

B. That the Court Order and Declare that the asserted patents are invalid and/or unenforceable;

C. That the Court Order and Declare this is an exceptional case;

D. That the Court Order and Declare that Draeger be awarded its full costs and attorneys' fees, together with all pre- and post-judgment interest, and all other fees, costs, awards, sanctions, penalties, and interest to which Draeger may be entitled, under the Patent Act, the Judicial Code, the Federal and Local Rules of Civil Procedure, and/or the Court's inherent authority; and

E. Such other and further relief as the Court may deem just and proper.

Dated: June 17, 2022

Respectfully submitted,

**KLAPROTH LAW PLLC**

By: /s/ *Jesse C. Klaproth*
Jesse C. Klaproth
100 South Broad Street, Suite 905
Philadelphia, PA 19110
jklaproth@klaprothlaw.com
Telephone: (215) 644-7463
Facsimile: (202) 618-4636

**NOLTE LACKENBACH SIEGEL**
Robert B. Golden (*pro hac vice to be filed*)
One Chase Road, Penthouse Floor
Scarsdale, New York 10583
Email: RGolden@NLS.LAW
Telephone: (914) 723-4300

*Attorneys for Defendant Draeger, Inc.*